**HUA–GENG YE, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–2475–ag.

United States Court of Appeals, Second Circuit.

April 24, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Michael Brown, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; M. Jocelyn Lopez Wright, Assistant Director; Andrew B. Insenga, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Hua–Geng Ye, a native and citizen of the People's Republic of China, seeks review of a May 15, 2007 order of the BIA affirming the August 29, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ye Hua–Geng,* No. A98 384 262 (B.I.A. May 15, 2007), *aff'g* No. A98 384 262 (Immig. Ct. New York, N.Y., Aug. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA "agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision," this Court reviews "both the BIA's and IJ's opinions—or more precisely ... the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), overruled in part on other grounds by *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

We conclude that substantial evidence supports the agency's adverse credibility finding. First, as the IJ noted, Ye initially testified at the hearing that his birthday was November 22. Only when confronted with the birthdate listed on his documents did he change his testimony, stating that he "didn't remember clearly" and that "everything indicated in the documents it's the truthful one and maybe I'm the one who is wrong."

Second, Ye's testimony that he began practicing Falun Gong in 2004 conflicted with the affidavits of his father and his friend. Ye urges us to consider this discrepancy a mere "inconsistency in dates" like that identified by the Ninth Circuit in *Bandari v. INS,* 227 F.3d 1160 (9th Cir. 2000). According to his own testimony, however, Ye's introduction to Falun Gong was an "event of major importance" in the life of his family, and a fact-finder might therefore expect him and his family to have a "clear recollection" of when it occurred. *See Zhou Yun Zhang,* 386 F.3d at

77 (finding that discrepancy in applicant's testimony as to date his wife was sterilized could be used as basis for adverse credibility finding).

Third, Ye gave conflicting accounts of how long his parents were detained following his decision to go into hiding. In his affidavit, he stated that they were detained for a period of months, while at the hearing he testified that their detention lasted only days. Furthermore, any mention of this alleged detention is entirely missing from his father's affidavit. As the alleged detention of Ye's parents bears on the likelihood that the Chinese authorities continue to be interested in pursuing him, the conflicting testimony surrounding this incident casts doubt on his well-founded fear of future persecution.

Because these findings together support the agency's adverse credibility determination, *see Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106–07 (2d Cir.2006), we need not reach the IJ's remaining findings. Moreover, because the only evidence of a threat to Ye's life or freedom depended upon his credibility, the adverse credibility determination in this case precludes success on Ye's claims for withholding of removal and relief under CAT. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Ye's pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).